(C.D. 4332)

AIMCEE WHOLESALE CORP. ET AL. *v.* UNITED STATES

(Dated February 24, 1972)

*Barnes, Richardson & Colburn* (*Earl R. Lidstrom* of counsel) for the plaintiff. *L Patrick Gray III*, Assistant Attorney General (*Bernard J. Babb*, trial attorney), for the defendant.

RICHARDSON, Judge: Plaintiffs move under Rule 14.7 for an order suspending certain actions enumerated in an attached Schedule pending the final determination of *United Merchants, Inc.* v. *United States*, Court No. 70/29939; and the motion is opposed in part by the defendant. Plaintiffs' motion is disposed of as follows:

As to the actions enumerated in the attached Schedule identified with the prefix (A), and as to entries 399429 [Court No. 70/65755], 749187 [Court No. 70/65756], WHB 18868 [Court No. 70/65688] of certain actions identified in said Schedule with the prefix (C), the motion is denied without prejudice to a renewal thereof upon proper papers. The court's files indicate that the entry papers in these cases have not been received by the court from the custody of the customs officials.

As to the actions enumerated in the said Schedule identified with the prefix (B), and as to entry 102694 [Court No. 70/35169] of a certain action identified in said Schedule with the prefix (C), the motion and said actions are dismissed for prematurity. The entry papers in these two cases disclose that there was no appraisement of the subject merchandise upon entry as is required by 19 U.S.C.A., section 1488 (section 488, Tariff Act of 1930). Consequently, the liquidation of these entries is void. It is the duty of the regional commissioner of customs or the district director of customs, as the case may be, to appraise the merchandise covered by these entries and liquidate the entries in the manner provided for by law so that the plaintiffs affected thereby may file a valid protest against said entries if they be so advised.

As to the actions enumerated in the said Schedule identified with the prefix (D) including the action erroneously identified on the plaintiffs' Schedule under Court No. 67/10552 through clerical error and corrected in the court's Schedule in accordance with plaintiffs' request to read Court No. 70/10552, and as to entries K131084 – 241037 [Court No. 70/61221], K173190 – K182029 [Court No. 70/65723], 472430 [Court No. 70/66530], 361581 – 361579 – 186266 – 395172 [Court No. 70/34029], 134929 – 161167 – 140535 – 141287 [Court No. 70/64849], K181215 [Court No. 70/25997], 147324 [Court No. 70/32172], 186141 [Court No. 70/32813], 211476 [Court No. 70/37145], 174993 – 113003 – K178639 – 252003 – 209360 [Court No. 70/13941], K184910 – K184267 – 139520 [Court No. 70/26572], 107567 – 107616 – 108096 - 108376 [Court No. 70/35025–29860], 104728 – 105232 – 108720 – 105810 – 105995 – 107162 [Court No. 70/35027], 542063–K328017 [Court No. 70/64909], K335815 – K100680 – K100700 – 103026 [Court No. 70/66503], K320381 – 571036 [Court No. 70/66517], 100678 – 100587 – 100719 – 100775 – 100735 – 100515 – 100585 [Court No. 70/21616], 101161 – 101233 [Court No. 70/42336], 181992 – 184010 – 204741 [Court No. 70/7074], 244174 – 237342 – 218991 – 218989 [Court No. 70/10442], 266976 – 258270 [Court No. 70/10930], 213086 – 214010 – 214579 – 112397 – 206049 [Court No. 70/13953], 234366 [Court No. 70/16252], 215211 [Court No. 70/20708], 110962 [Court No. 70/22885], 197912 [Court No. 70/23643], 86441 – 286186 [Court No. 70/29438], K139278 [Court No. 70/34188], 306557 [Court No. 70/34200], 204054 – 163521 [Court No. 70/35626], 506939 [Court No. 70/39701], 164798 [Court No. 70/40478], 127656 [Court No. 70/40479], 142609 [Court No. 70/40480], 153935 [Court No. 70/40807], 167903 – 167913 – 167914 – 167915 – 147620 – 166670 [Court No. 70/40815], 555505 – 572520 [Court No. 70/62422], 525782 – 570550 [Court No. 70/65783], 365895 – 407359 [Court No. 70/66437], K235832 [Court No. 70/34644], 170317 [Court No. 70/65085], 407710 – 376101 – 376102 [Court No. 70/65755], 553287 – 531333 [Court No. 70/61835], 297871

[Court No. 70/65756], 283841 – 301783 [Court No. 70/28922], 186643 [Court No. 70/35629], 348887 – 335377 [Court No. 70/43932], 110982 [Court No. 70/65688], 573017 [Court No. 70/66465], 283616 [Court No. 70/65652] of certain actions identified in said Schedule with the prefix (C), the motion and the said actions are dismissed for prematurity by reason of the fact that in contravention of 19 U.S.C.A., section 1503 (a) (section 503 (a), Tariff Act of 1930, as amended by the Customs Simplification Act of 1953) liquidation of the subject entries was not made upon a *final appraised value*, and as such, is void, liquidation in each instance having taken place within 60 days of the date of the appraiser's report. See *United States* v. *Boston Paper Board Co.*, 23 CCPA 372, T.D. 48233 (1936), and other cases cited in Memorandum to Accompany Order in *Lamb-Weston, Inc.* v. *United States*, protest No. 69/38803, C.D. 4301, decided December 1, 1971. It is the duty of the regional commissioner of customs or the district director of customs, as the case may be, to liquidate the involved entries in the manner provided for by law so that the plaintiffs affected thereby may file a valid protest against said entries if they be so advised. In view of the disposition under this grouping of the action bearing Court No. 69/48445, the subsidiary question arising in said action as to the timeliness of the protest is rendered moot.

As to the actions enumerated in the said Schedule identified with the prefix (E) except actions bearing Court Nos. 68/11659, 68/17198, 68/17200 and 70/66287, and as to entries 146000 – 127630 [Court No. 70/19777], 188751 [Court No. 70/61221], 106658 [Court No. 70/65723], 268814 – 330213 [Court No. 70/66530], 376087 [Court No. 70/34029], 142562 – 588322 [Court No. 70/64849], 101953 [Court No. 70/25997], 206426 [Court No. 70/32172], 158544 [Court No. 70/32813], 171107 [Court No. 70/37145], K127308 – K137628 [Court No. 70/13941], 108499 [Court No. 70/26572], 13177 – 17363 [Court No. 70/35025], 105316 – 107163 [Court No. 70/35027], 798918 [Court No. 70/64909], 347459 [Court No. 70/66503], 472363 – K230979 – 366402 [Court No. 70/66517], 100272 [Court No. 70/21616], 100110 – 100737 [Court No. 70/42336], 19034 [Court No. 70/7074], 131371 [Court No. 70/10442], 17527 – 18438 [Court No. 70/10930], 112029 – 218367 – 218366 [Court No. 70/13953], 127361 – 170527 – 184410 – 186040 – 216850 – 213870 – 220899 [Court No. 70/16252], K121136 – 269912 – 18256 – 16955 – 17102 – 247022 [Court No. 70/20708], 1844 – 245292 [Court No. 70/22885], 187638 – 187440 [Court No. 70/23643], 93241 – 27271 – 147912 – 87649 – 208 [Court No. 70/29438], 258166 – 244266 – 16920 – 18257 – 141980 – 188048 – K177882 [Court No. 70/34188], 157123 – 19036 – 19035 – 204919 [Court No. 70/34200], 127736 [Court No. 70/35626], 205347 – 114667 – 214583 – 129576 – 220212 – 114925 – 165545 [C o u r t

No. 70/39701], 100924 – 104212 – 17523 – 17623 – 17643 – 174514 – 170483 [Court No. 70/40478], 148426 – 163145 – 183656 – 192845 – 17645 – 138598 – 193427 [Court No. 70/40479], 214799 – 131529 –223588 [Court No. 70/40480], 105513 – 118295 [Court No. 70/40807], 111312 – 116728 [Court No. 70/40815], 252991 – 269915 – 218369 – 191903 – 191186 – 187664 [Court No. 70/62422], 340642 – 181836 – 205987 [Court No. 70/65783], 1841 – 114613 – 148242 – 162851 – 148862 – 56684 [Court No. 70/66437], K127928 [Court No. 70/34644], 512495 [Court No. 70/65085], WHB135823 [Court No. 70/65755], 484228 [Court No. 70/61835], 214272 – 752141 [Court No. 70/65756], K168184 [Court No. 70/28922], 118294 [Court No. 70/35629], 259072 – 201273 – 186613 – 214382 – WHB166473 – WHB140714 [Court No. 70/43932], WHB19031 – WHB17136 – WHB115451 [Court No. 70/65688], 201304 – 130160 – 354057 – 272647 – 289522 – 214383 [Court No. 70/ 66465], 203002 – 122685 [Court No. 70/65652] of certain actions identified in said Schedule with the prefix (C), the motion, being within the court's jurisdiction, is granted, and said actions will be suspended under the action entitled *United Merchants, Inc.* v. *United States*, Court No. 70/29939.

As to the action in the (E) grouping bearing Court No. 68/11659 the motion is permitted to be withdrawn in accordance with said plaintiff's request in view of counsel's concession that sameness of issue with the test case is lacking. And as to the actions of this same grouping bearing Court Nos. 68/17198, 68/17200, and 70/66287 the motion is denied.

Since the action bearing Court No. 69/37979 to which the defendant calls attenion in its opposing papers does not appear on the plaintiffs' schedule said action is not within the ambit of plaintiffs' motion, and as such, further comment on the case by the court would be superfluous.

(Note:) Since 780 cases are involved herein, the Schedule is omitted.)